BLD-075                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-3647
_____

IN RE:  KENNETH BURKE,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-12-cr-00313-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
December 15, 2016

Before:  AMBRO, GREENAWAY, JR. and SCIRICA, Circuit Judges

(Opinion filed: January 27, 2017)
_____

OPINION[*]
_____

PER CURIAM

Petitioner Kenneth Burke seeks a writ of mandamus to compel the United States

District Court for the Eastern District of Pennsylvania to rule on his motion to vacate

sentence filed pursuant to 28 U.S.C. § 2255.  We will dismiss the petition as moot.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

In late 2014, Burke filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In the months that followed, the matter was fully briefed and Burke unsuccessfully attempted an interlocutory appeal. On September 20, 2016, Burke filed a petition for writ of mandamus requesting that this Court direct the District Court to act on his motion. A few days later, the District Court denied Burke's § 2255 motion.

As the District Court has now disposed of the outstanding motion, Burke has obtained the relief he sought and his mandamus petition is now moot. See In re Austrian & German Holocaust Litig., 250 F.3d 156, 162-63 (2d Cir. 2001) (per curiam) (mandamus petition requesting that court of appeals compel district court action generally may be dismissed as moot upon district court's entry of final order); see also Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). We will therefore dismiss the petition.